# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEE COTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-220-D |
| | ) |
| GARFIELD COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se* and *in forma pauperis,* brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by United States District Judge Timothy D. DeGiusti for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint [Doc. No. 1] has been conducted pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court finds Plaintiff's claims are both frivolous and fail to state any plausible claims upon which § 1983 relief may be granted. Accordingly, it is recommended that Plaintiff's Complaint be dismissed without prejudice to refiling.

### I. Plaintiff's Claims

Plaintiff's claims arise out of his incarceration at the Garfield County Jail (Jail). In addition to identifying the Jail as a defendant, Plaintiff names as additional defendants Jerry Niles, Sheriff of Garfield County; Jennifer Niles, Jail Administrator; Nancy Stanley, Supervisor; Rhonda Bradley, Booking Supervisor; and Vanassa Gay, Nurse. In conclusory fashion, Plaintiff alleges unsanitary and unsafe conditions of confinement, inadequate medical care, and inadequate access to a law library. As relief, Plaintiff seeks monetary damages for "stress and suffering and also pain." *See* Complaint, ¶ E.

## II. Plaintiff's Litigation History

Plaintiff has filed several lawsuits in this judicial district raising similar, if not identical, claims. *See, e.g., Cotton v. Garfield County Jail*, Case No. CIV-14-743-D, Compl. (W.D. Okla. July 15, 2014); *Cotton v. Garfield County Jail*, Case No. CIV-14-1078-D, Compl. (W.D. Okla. Oct. 1, 2014). In a most recent lawsuit, *Cotton v. Garfield County Jail*, Case No. CIV-14-1316-D, Compl. (W.D. Okla. Nov. 25, 2014) (*Cotton III*), Plaintiff's claims were dismissed as frivolous. *See id.*, Order and Judgment [Doc. Nos. 6 and 7]. Plaintiff's claims raised in this action are not discernibly different from those dismissed in *Cotton III*.[1] Moreover, the defendants in this action were named as defendants in the previous actions.

## III. Standard for Dismissal

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), dismissal of a complaint is proper where the action is frivolous or malicious or fails to state a claim upon which relief may be granted. An action is frivolous where it constitutes "repetitious litigation of virtually identical causes of action." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997).

The Court's review of a complaint under § 1915(e)(2)(B)(ii) mirrors that required by Fed. R. Civ. P. 12(b)(6). The Court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Because Plaintiff is proceeding *pro se*, his complaint must be construed liberally. *Id.* at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to

---

[1] Plaintiff raised the following claims in *Cotton III*: (1) lack of a functioning restroom or water fountain in the recreation area; (2) forced to wear same clothes for extended periods of time and not allowed out of cells; (3) no medical care provided at night or on the weekends; (4) medical help is not qualified to pass out medications and the people passing out the medications do not wear gloves; (5) cell checks are not routinely conducted and responses to emergency call buttons are delayed or ignored; and (6) the Jail does not have a law library. *See id.*, Compl. at pp. 4-8.

relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Applying these standards, Plaintiff's action is frivolous. As set forth, he has repeatedly brought the claims raised in the Complaint in virtually identical causes of action. Moreover, as set forth below, Plaintiff has failed to state plausible claims for relief against Defendants.

**IV.    Analysis**

**A.  Count I – Unsanitary Conditions of Confinement**

Plaintiff claims he has been subjected to unsanitary conditions of confinement based on allegations that the Jail does not have a water fountain and as a result, during recreation, prisoners have to drink water from a shower. Plaintiff does not allege any specific harm he has incurred as a result of these conditions. *Compare Dittmeyer v. Whetsel*, 91 F.App'x 111, 119 (10th Cir. 2004) (plaintiff did not show how overcrowding injured him). Nor does Plaintiff allege Defendants personally participated in the alleged deprivation of his constitutional rights, a necessary prerequisite to bringing a § 1983 claim. *See Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."). Moreover, Plaintiff's allegations do not allege a deprivation sufficiently serious to invoke constitutional protections. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (the deprivation alleged must be sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities). This claim, therefore, should be dismissed for failure to state a plausible claim for relief.

3

### B. Count II – Inadequate Medical Care

According to Plaintiff's allegations, the Jail does not provide medical care in the evenings or on the weekends. He also alleges that the medical providers are not qualified to distribute medications and the persons responsible for doing so do not wear gloves. He further alleges that a prescription was not filled for him but he does not identify any specific facts related thereto.

To state a claim for a violation of the Eighth Amendment due to inadequate medical care, a prisoner must demonstrate a "deliberate indifference" to his serious medical needs. *Martinez v. Garden*, 430 F.3d 1302,1304 (10th Cir. 2005). Plaintiff fails to allege any facts showing that he was denied treatment for serious medical needs. Although he contends a prescription was not filled, his allegations are conclusory and he provides no facts demonstrating the failure to fill the prescription caused serious harm. Similarly he does not allege that Defendants personally participated in the alleged denial of medical care. The claim, therefore, should be dismissed.

### C. Count III – Failure to Protect

Plaintiff further alleges that prisoners' lives have been endangered. He states that "they" do not check cells and do not respond to emergency call buttons. He claims his cellmate had a seizure and no one answered the call button. Although prison officials are responsible for taking reasonable measures to ensure the safety of inmates, *see Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999), here Plaintiff alleges only generalized harm and does not allege he has been injured in anyway. Plaintiff cannot bring claims on behalf of another prisoner. And, Plaintiff does not identify Defendants as persons who personally subjected him to any harm. The claim raised in Count III of the Complaint, therefore, should be dismissed.

### D. Count IV – Denial of Access to the Courts

As his final claim, Plaintiff alleges that his constitutional right of access to the courts has been violated because there is no law library at the Jail and there is no way for prisoners to prepare themselves for a fair trial. Although prisoners have a fundamental right of access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977), to state a claim for a violation of that right, a prisoner "must demonstrate actual injury . . . – that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction and or his conditions of confinement." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (citation omitted). Fatal to Plaintiff's claim is the fact that he has not identified any actual injury resulting from the alleged denial of access to the courts. *See id.* (finding prisoner's allegations of denial of access to a law library and allegations that he was unable to research and prepare initial pleadings too conclusory to present a plausible claim for denial of access to courts). This claim, therefore, is also subject to dismissal for failure to state a claim upon which relief may be granted.

### E. Defendant Garfield County Jail is not a Suable Entity

In addition to the reasons set forth above, Plaintiff's claims against the Jail should be dismissed. The Jail lacks an identity separate and apart from the county it serves and therefore is not a suable entity in a § 1983 action. *See*, *e.g.*, *Lindsey v. Thomson*, 275 F.App'x 744, 747 (10th Cir. 2007) (affirming dismissal of § 1983 claims against police departments and county sheriff's department, entities with no apparent legal existence); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n. 3 (10th Cir. June 21, 2000) (unpublished op.) (affirming dismissal of county jail as defendant in prisoner's § 1983 action on basis that "a detention facility is not a person or

legally created entity capable of being sued"). Therefore, Plaintiff's claims against the Jail should be dismissed.

## RECOMMENDATION

It is recommended that the Complaint [Doc. No. 1] be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) on grounds that Plaintiff's action is both frivolous and fails to state claims upon which § 1983 relief may be granted. The dismissal should be counted as a "strike" pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by September 11th, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); LCvR 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this 21st day of August, 2015.

BERNARD M. JONES
United States Magistrate Judge