IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEE COTTON, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-15-220-D |
| GARFIELD COUNTY JAIL, *et al.*,[1] | ) ) ) | |
|     Defendants. | ) | |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Bernard M. Jones issued August 21, 2015, pursuant to 28 U.S.C. § 636(b)(1)(B). Upon initial review of Plaintiff's civil rights complaint concerning the conditions of his confinement in the Garfield County Jail, Judge Jones recommends dismissing the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) on the grounds that the action is frivolous and the complaint fails to state a claim on which relief may be granted. Judge Jones also recommends counting the dismissal as a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g).

Plaintiff, who appears *pro se* and *in forma pauperis*, has neither filed a timely objection to the Report nor requested additional time to object, although he was expressly advised of the right to object, the deadline for objections, and the consequences of failing to

---

[1] Although the caption of the Complaint lists the first defendant as "Garfield Co. Jail," the body of the Complaint names only five individual defendants, the first being Jerry Niles as Sheriff.

object. The Court therefore finds Plaintiff has waived further review. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, upon *de novo* consideration of the issues, the Court finds Judge Jones' analysis is correct.[2] The Court thus concurs in the recommendation for dismissal without prejudice.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 17] is ADOPTED, as set forth herein. Plaintiff's action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The dismissal shall be counted as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g) after Plaintiff has exhausted or waived his right to appeal. A separate judgment shall be entered accordingly.

IT IS SO ORDERED this 24th day of September, 2015.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Although Judge Jones' conclusions regarding the frivolousness of Plaintiff's repetitious filings and the insufficiency of his pleadings are correct, the Court notes one incorrect statement regarding Plaintiff's prior actions. Plaintiff's second-filed action was dismissed upon initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and the dismissal was counted as a "strike" pursuant to 28 U.S.C. § 1915(g). *See Cotton v. Garfield County Jail*, Case No. CIV-14-1078-D, Order & J. (W.D. Okla. Jan. 12, 2015). Plaintiff's third-filed action was dismissed upon filing as duplicative of other actions pending before this Court naming the same defendants and raising the same issues. *See Cotton v. Garfield County Jail*, Case No. CIV-14-1316-D, Order & J. (W.D. Okla. Dec. 30, 2014).